**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SURESH KC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1512-J** |
| **v.** | ) | |
| | ) | |
| **FRED FIGUEROA, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Suresh KC, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241 through counsel. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 10, and Petitioner has replied. *See* Doc. 11.

---

[1] Fred Figueroa, the current Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with an individualized custody hearing under § 1226(a) within seven days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Nepal who entered the United States on or about November 28, 2022. Doc. 1, at 2. Petitioner entered without inspection and was apprehended by United States Customs and Border Protection inside the country. *Id.* The Department of Homeland Security (DHS) served him with a Notice to Appear (NTA). Doc. 1, Ex. 2. DHS placed him in removal proceedings and charged him with being inadmissible under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA).[4] Doc. 10, at 1. On December 5, 2022, DHS released him under § 1226(a)(2)(B)'s "conditional parole." Doc. 1, at 20-21; Doc. 10, Ex. 2. Petitioner filed an application for asylum on December 13, 2023. Doc. 10, at 2 & Ex. 3.

On May 27, 2026, Petitioner appeared at the Immigration and Customs Enforcement (ICE) office for a scheduled check-in, where he was arrested and

---

4 This section is codified in 8 U.S.C. § 1182(a)(7)(A)(i)(I), and states that noncitizens are subject to removal if they lack a "valid entry document" at the time they apply for admission.

detained pursuant to a warrant. Doc. 1, at 3; Doc. 10, Ex. 4. Petitioner did not receive a bond hearing and his asylum application has not been adjudicated.

## II. Petitioner's claims.

Petitioner asserts three claims for relief: (1) a substantive due process violation arising from his detention; (2) a procedural due process violation due to the lack of a hearing; and (3) violations of the Immigration and Nationality Act. Doc. 1, at 27-31. He seeks his immediate release and an injunction against future detention under § 1226. *Id.* at 31-32.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Section 1226(a) governs Petitioner's detention.

Petitioner argues that § 1226 governs, and Respondents do not dispute it. Doc. 10, at 2; Doc. 11, at 1. Like the petitioner in *Zhakhonov*, “Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained” during an ICE check-in. *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). “Under those circumstances, Petitioner’s detention is more naturally characterized as detention ‘pending a decision on whether the alien is to be removed from the United States’ within the meaning of § 1226(a).” *Id.* The Court should conclude that Petitioner’s present detention “is governed by § 1226(a), not § 1225(b)(1).” *Id.*

**B. Petitioner is entitled to a bond hearing.**

Petitioner seeks his immediate release and an injunction against future arrests or detention while proceedings are ongoing. Doc. 1, at 31-32. Petitioner does not request a bond hearing, as he believes he will not receive a fair hearing. *Id.* at 2, 22-26. However, because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

“Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings.” *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized

custody determination since his re-detention. Doc. 1, at 6; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13

(directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part, and **order Respondents to**

**provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 25, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE