**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SURESH KC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1512-J |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Suresh KC, a citizen of Nepal, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus challenging the detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him. (Rep. & Rec.) [Doc. No. 12]. Respondents filed a timely objection (Obj.) [Doc. No. 13], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In sum, Judge Mitchell concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3-6. Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents conceded that the Tenth Circuit's decision in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) controls. *See* Obj. at 1. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to

§ 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

For the reasons above, the Report and Recommendation [Doc. No. 12] is ADOPTED and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 25th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE